DICKSON, Justice.
I concur with Justice Rucker’s opinion with the exception of Part VI. B, which addresses Overstreet’s state constitutional claim. As to this issue, I agree with Justice Boehm that Matheney v. State, 833 N.E.2d 454, 456 (Ind.2005), and Baird v. State, 831 N.E.2d 109, 115 (Ind.2005), both focused on a claim of mental illness at the time of the crime, rather than a claim of subsequent or enhanced mental illness. But, although Overstreet may claim that the severity of his mental illness has increased over time, this assertion does not result in a violation of the Indiana Constitution.
While both the federal Constitution’s Eighth Amendment and Article 1, Section 16 of our 1851 Indiana Constitution prohibit the infliction of “cruel and unusual punishments,” I cannot agree that the subsequent interpretation and application of Indiana’s Section 16 necessarily follow in precise lock step with the ascendant federal formulation of Eighth Amendment jurisprudence. In this, I agree with Justice Rucker that claims based upon the Indiana Constitution should be analyzed separately from those based upon its federal constitutional counterparts. But in contrast to Justice Rucker’s conclusion, I consider the Indiana Constitution to provide different, rather than necessarily more, protection than the federal Eighth Amendment for persons with mental illness facing the death penalty.
Justice Boehm notes federal decisions that, in the past fifty years, have interpreted the prohibition of cruel and inhuman punishment, calling for consideration of “evolving standards of decency.” Roper v. Simmons, 543 U.S. 551, 560-561, 125 S.Ct. 1183, 1190, 161 L.Ed.2d 1, 16 (2005); Trop v. Dulles, 356 U.S. 86, 100-01, 78 S.Ct. 590, 598, 2 L.Ed.2d 630, 642, (1958); cf. Atkins v. Virginia, 536 U.S. 304, 311-13, 122 S.Ct. 2242, 2246-18, 153 L.Ed.2d 335, 343-46, (2002) (considering a national consensus of the standards of decency); Ford v. Wainwright, 477 U.S. 399, 406, 106 S.Ct. 2595, 2600, 91 L.Ed.2d 335, 344 (1986) (taking into account “contemporary values”). Consideration of factors such as “national consensus” and “standards of decency,” however, are not necessarily required when construing Indiana’s Section 16.
The text “cruel and unusual punishment” in Section 16, like the phrase “unreasonable search and seizure” in Section 11 of Article 1, strongly suggests that our framers and ratifiers intended and foresaw that these provisions would be understood and applied in light of the circumstances existing and values prevailing in Indiana at relevant future times. When considering that the Indiana General Assembly has relatively recently spoken with legislative enactments defining the limited class of *177 defendants eligible for the death penalty,[1] prohibiting the death penalty for mentally retarded individuals but not for persons with mental illness,[2] and defining “mentally ill” and “mentally retarded” for purposes of criminal procedure and sentencing,[3] a sentence of death for a person not mentally retarded but suffering mental illness cannot be considered “cruel” or “unusual” under Section 16 in light of the clearly prevailing values in our state. For these reasons, Overstreet does not prevail in the claim that his death sentence violates the Indiana Constitution.

. Ind.Code § 35-50-2-9 (last amended in 2007).

. Ind Code § 35-36-2-5 (last amended in 2007), and Ind.Code § 35-50-2-9(a) (last amended in 2007).

. Ind.Code § 35-36-1-1 (1981) (definitions of "insanity” and "mentally ill”), Ind.Code § 35-36-9-2 (last amended in 2007) (definition of "mentally retarded individual”).